CITY OF ARLINGTON v. DALLAS–FORT WORTH SAFETY COACH CO.
(No. 11334.)

(Court of Civil Appeals of Texas. Fort Worth. March 7, 1925.)

1. **Injunction ⊂⇒122—Verification of petition for injunction held not sufficient within statute; "verified by his affidavit."**

A verification of a petition for an injunction that the allegations sought to be verified "are true and correct to the best of my knowledge and belief" is not a sufficient verification within Rev. St. art. 4649; "verified by his affidavit." as used in the article, meaning proved to be true or correct, to establish the truth of, confirm (citing Words and Phrases, Second Series, "Verification—Verify").

2. **Appeal and error ⊂⇒190(2)—Defect in verification of application for temporary injunction and on ex parte hearing may be raised for first time in Courts of Civil Appeals.**

Defect in verification of application for temporary injunction and on ex parte hearing may be raised for first time in Courts of Civil Appeals.

---

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Petition for injunction by the Dallas-Fort Worth Safety Coach Company against the City of Arlington. From an order granting the writ on ex parte hearing, the City appeals. Reversed and remanded.

R. E. Rouer and Gillis Johnson, both of Fort Worth, and J. W. Beaird, of Arlington, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

BUCK, J. This is an appeal from an order granting appellee a temporary writ of injunction, restraining the city of Arlington and the officers thereof from attempting to enforce an ordinance prohibiting the use of certain streets of said city by "motor busses" or motor vehicles engaged in the business of carrying passengers for hire. Such vehicles were prohibited from using Abrams street and Division street, alleged by the petitioner to be the only streets along which it could pass in going from Fort Worth to Dallas and from Dallas to Fort Worth. The writ was granted on an ex parte hearing, and an appeal was taken from that order. The application was verified by the affidavit of C. A. Thompson as follows:

"I, C. A. Thompson, as agent and general manager of the Dallas-Fort Worth Safety Coach Company, a corporation, plaintiff in the above styled and numbered cause, do solemnly swear that I have read over the foregoing petition and that the matters of fact set forth therein are true and correct to be [the?] best of my knowledge and belief, so help me God."

Article 4649, Rev. Civil Statutes, provides:

"No writ of injunction shall be granted, unless the applicant therefor shall present his petition to the judge, verified by his affidavit taken before some officer authorized to administer oaths, and containing a plain and intelligible statement of the grounds for such relief."

[1, 2] "Verified by his affidavit," as used in the above statute, means proved to be true or correct; to establish the truth of; confirmed. 4 Words & Phrases (Second Series) pages 1152, 1153. It has been held that the verification must be direct and in such positive terms as would sustain a charge of perjury or false swearing, if the verification should prove to be false, and the affidavit must show to have been made on the personal knowledge of the affiant as to the truth of the allegations verified. Verification on information and belief is held to be insufficient (Forest Oil Co. v. Wilson [Tex. Civ. App.] 178 S. W. 626; Graham v. McCarty, 69 Tex. 324, 7 S. W. 342; So. Oil & Gas Co. v. Mexia Oil & Gas Co. [Tex. Civ. App.] 186 S. W. 446, and numerous other cases), nor is an affidavit that the allegations sought to be verified are true and correct "to the best of my knowledge and belief" sufficient. Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101; Lane et al. v. Jones (Tex. Civ. App.) 167 S. W. 177; Moss v. Whitson (Tex. Civ. App.) 130 S. W. 1034. A defect in the verification of an application for a temporary injunction, and on an ex parte hearing, may be raised for the first time in the Courts of Civil Appeals. White v. Ferris (Tex. Civ. App.) 186 S. W. 367; Butler v. Remington (Tex. Civ. App.) 230 S. W. 224. The defect is not waived by a failure to call the trial court's attention thereto in this character of a proceeding.

By reason of the defect in the verification, the judgment below is reversed and the cause remanded. Pullen v. Baker, 41 Tex. 419.