

NUMBERS 13-15-00390-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE NATIONAL LLOYDS INSURANCE COMPANY

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion by Justice Longoria[1]**

Relator National Lloyds Insurance Company filed a petition for writ of mandamus

seeking to vacate the trial court's August 25, 2015 order compelling it to respond to

discovery propounded by the real parties in interest, Arguello, Hope, and Associates,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

individually and on behalf of all others similarly situated.  We deny the petition for writ of mandamus.

## I. BACKGROUND

On July 8, 2015, the real parties filed a class action petition against relator on grounds that relator engaged in intentional, tortious interference with existing attorney-client representation agreements.  The real parties, who are attorneys representing relator's policyholders, allege that relator has been "enlisting its agents to approach its policyholders who are represented by counsel and convince those policyholders to fire their attorneys, all in hopes that [relator] could drive down the settlement value of the policyholders' claims."

On August 6, 2015, real parties filed an application for temporary restraining order, request for temporary injunction, and a request for permanent injunction against relator. This pleading also requested that the trial court order relator to respond to two discovery requests, attached as "Exhibit A" to the application, within ten days of entry of the initial temporary restraining order and prior to a hearing for a temporary injunction.  The "Exhibit A" requests for production comprised the following:

1.  All documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 since March 2012, including all drafts.

2.  All documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement since March 2012.

"Exhibit 1" to the discovery requests consisted of an April 6, 2015 letter from relator to one of its claims managers on a specific policy number stating, inter alia, that a settlement offer on the claim had been rejected and relator "would have been able to

make this settlement offer directly to your customer if not for attorney representation," and enclosing a "form" or "tool" for the customer to use if the customer wished to dismiss its attorney. That same day, the trial court granted real parties' request for a temporary restraining order which, inter alia, required relator to respond to these two discovery requests within ten days.

On August 10, 2015, relator filed a motion to transfer venue, plea to the jurisdiction, and original answer. Relator contended that it failed to receive the "Exhibit A" discovery requests as an attachment to the application when it was served with the real parties' application. Real parties provided relator with the discovery requests that day. On August 13, 2015, the trial court extended the temporary restraining order. On August 20, 2015, relator filed a motion to dissolve the temporary restraining order and a motion for protective order. On August 21, 2015, real parties filed an emergency motion to compel relator to respond to the requests for production. On August 24, 2015, the trial court set real parties' emergency motion to compel for hearing on August 25, 2015 and set relator's motion for protective order and motion to dissolve for hearing on August 28, 2015. Relator filed a response and a supplemental response to the real parties' motion to compel. On August 25, 2015, the trial court granted the real parties' emergency motion to compel and required relator to respond to the discovery requests within two days.

This original proceeding ensued. By one issue, with several sub-issues, relator contends that the trial court abused its discretion in holding a hearing on one day's notice, and then compelling relator to respond to discovery and produce documents within two days to comply with an ex parte temporary restraining order issued without notice. The

3

Court requested and received a response to the petition from the real parties in interest and further received a reply thereto from relator.

## II. STANDARD OF REVIEW

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

A party has no remedy by appeal when a temporary restraining order is granted that is not in compliance with the rules, and a writ of mandamus is appropriate in such situations. *In re Office of Attorney Gen.*, 257 S.W.3d 695, 697–98 (Tex. 2008) (orig. proceeding). Similarly, mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

4

### III. NOTICE OF HEARING

Relator contends that it failed to receive proper notice of the August 25, 2015 hearing on the real parties' emergency motion to compel. First, real parties electronically filed and served the notice of hearing on August 22, 2015. *See* TEX. R. CIV. P. 4. Thus, relator had three days' notice of the hearing as required by the rules of civil procedure. *See id.* R. 21(b). Second, the trial court has discretion to shorten the three-day notice period provided by Texas Rule of Civil Procedure 21(b), and in doing so, may consider any exigent circumstances presented in the case. *See id.*; *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 697–98 (Tex. App.—El Paso 2011, no pet.); *Buruato v. Mercy Hosp. of Laredo*, 2 S.W.3d 385, 387 (Tex. App.—San Antonio 1999, pet. denied). Based on the record presented, relator has not established that the trial court abused its discretion in setting the hearing with three days' notice, particularly when relator's motion for protective order, based on the same discovery requests at issue in the real parties' emergency motion to compel, had been filed five days before the hearing. Finally, the record before this Court fails to indicate that relator objected to the alleged insufficient notice of the hearing. The failure to object to insufficient notice of a hearing waives the issue. *See In re R.A.*, 417 S.W.3d 569, 581 (Tex. App.—El Paso 2013, no pet.); *Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351, 362 (Tex. App.—Corpus Christi 2007, no pet.).

### IV. VOID ORDER

We next address relator's arguments that the trial court's order compels compliance with a void temporary restraining order. Relator attacks the order on the merits on grounds that the temporary restraining order fails to recite the "specific facts

5

shown by affidavit or by verified complaint" that are required by Rule 680 to obtain an ex parte order.  *See* TEX. R. CIV. P. 680.

A temporary restraining order must state why it was granted without notice if entered ex parte, state the date the order expires and set a hearing on a temporary injunction, set a bond, and define the injury to be suffered by the applicant and explain why that injury is irreparable.  *See id.* R. 680, 684; *see, e.g., Washington D.C. Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 741 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) ("Irreparable injuries are those for which the injured party cannot be adequately compensated by damages or for which damages cannot be measured by any certain pecuniary standard.").  Pursuant to Texas Rule of Civil Procedure 680, "[no] temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."  TEX. R. CIV. P. 680.  Furthermore, "[e]very temporary restraining order granted without notice . . . shall define the injury and state why it is irreparable and why the order was granted without notice."  *Id.*  "Orders that fail to fulfill these requirements are void."  *In re Office of the Attorney Gen.*, 257 S.W.3d at 697.

Each case in which a temporary injunction is sought presents a unique set of facts; accordingly, "the nature and extent of a trial court's description of the reasons why an applicant will suffer irreparable injury will vary from case to case."  *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747–48 (Tex. App.—Dallas 2011, no pet.).  We assess the adequacy of a trial court's temporary injunction order taking into account the extent to

6

which the description of irreparable injury will: (1) enable a party against whom the temporary injunction has been issued to understand the basis for the ruling and evaluate the propriety of a challenge to the injunction, and (2) provide an adequate basis for appellate review of the injunction. *See id.*

Relator contends that real parties exhibited only a "feeble attempt to feign compliance with Rule 680" and quotes the following portion of the temporary restraining order in support of its argument:

> An ex parte order, without notice to Defendant, is necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, without a temporary restraining order in place immediately, Defendant will continue sending these unlawful communications to persons it knows are represented by counsel, causing imminent, irreparable damage to Plaintiff and Class Members as discussed above.

However, relator's quotation from the temporary restraining order lacks the following relevant portion of the order:

> After considering Plaintiff Arguello, Hope, and Associates, PLLC's, individually and on behalf of all others similarly situated ("Plaintiff" and collectively, "Class Members"), application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiff and Class Members, and if the Court does not issue the temporary restraining order, Plaintiff and Class Members will be irreparably injured because National Lloyds Insurance Company ("Defendant" or "National Lloyds") will continue to unlawfully interfere with existing attorney representation agreements of Plaintiff and Class Members causing the loss of innumerable clients, the inability to recover expenses spent on Plaintiffs and Class Members' cases, an indeterminable amount of Plaintiff's and Class Members' law firms' goodwill, and the overall future business of Plaintiff and Class Members.

Relator's discussion of the contents of the temporary restraining order thus omits part of the order pertaining to the necessity for an ex parte order. The omitted portion clearly addresses "the specific facts" alleged that "immediate and irreparable injury, loss

7

or damage" would occur to the real parties. TEX. R. APP. P. 52.11(c). Alleged injuries to business relationships, the loss of clients, and the loss of goodwill can be classified as irreparable injuries. *See, e.g., Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 220 (Tex. App.—Fort Worth 2009, pet. denied).[2]

We conclude, based on the unique set of facts underlying this case, that the temporary restraining order adequately enables relator to understand the basis for the ruling and evaluate the propriety of a challenge to an injunction, and provides an adequate basis for appellate review of the injunction. *See In re Office of the Attorney Gen.*, 257 S.W.3d at 697; *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d at 747–48. Accordingly, we conclude that the temporary restraining order meets the requirements of Rule 680 insofar as it defines the alleged irreparable injuries, losses, and damages, and states why they would be irreparable. *See* TEX. R. CIV. P. 680.

Relator further assails the order on grounds that the real parties failed to show that "immediate and irreparable injury, loss or damage" would result before notice could be served and a hearing held. *See id.* Relator contends that the real parties' petition had been on file for almost a month and there was no need to obtain the order on an ex parte basis. In their application for a temporary restraining order, real parties alleged that "there is not enough time to serve notice on [the relator] because without a temporary restraining order in place immediately, [relator] will continue sending these communications, causing further irreparable damage . . . ."

---

[2] Real parties provided this Court with the "Plaintiff's Application for Temporary Restraining Order, Request for Temporary Injunction, and Request for Permanent Injunction," supported by affidavit, in the form of a supplemental record. It was not included in relator's appendix or record.

In the instant case, the record and the mandamus response includes documentation showing that relator continued issuing the letters at issue to their agents after the lawsuit was filed and even after the temporary restraining order was issued—as late as the date of inception for this original proceeding. Under these circumstances, we conclude that real parties sufficiently identified specific facts to show why the order was entered without notice and hearing. We reject relator's arguments to the contrary.

## V. ORDER EXCEEDED AUTHORITY

Relator contends that the temporary restraining order exceeded the scope of the trial court's authority because it compelled relator "to take affirmative acts well beyond the scope of a valid temporary restraining order." Relator specifically contends that the trial court could not command it to comply with discovery requests in conjunction with the temporary restraining order. Relator contends that mandating affirmative acts on the part of the restrained party are inappropriate in a temporary restraining order because the purpose of a temporary restraining order is to preserve the status quo. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (stating that the purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits).

Relator offers no authority supporting the proposition that the trial court lacks the authority or discretion to order discovery during the course of a temporary restraining order. Parties frequently seek, and trial courts order, expedited discovery in the course of proceedings pertaining to temporary restraining orders. *See, e.g., In re Tex. Health Res.*, No. 05-15-00813-CV, 2015 WL 5029272, at *2 (Tex. App.—Dallas Aug. 26, 2015, orig. proceeding) ("The trial court ordered that the discovery take place before the

9

expiration of the temporary restraining order."); *In re MetroPCS Commc'ns, Inc.*, 391 S.W.3d 329, 332 (Tex. App.—Dallas 2013, orig. proceeding) ("On November 5, 2012, Golovoy filed a 'Motion for a Temporary Restraining Order and an Order Compelling Expedited Discovery.'"); *see also In re Meyer*, No. 14-14-00833-CV, 2014 WL 5465621, at *1 (Tex. App.—Houston [14th Dist.] Oct. 24, 2014, orig. proceeding) (mem. op. per curiam) ("On October 14, 2014, Gulfstream filed an original petition, application for temporary restraining order, application for temporary injunction, and motion for expedited discovery against relators in the trial court."); *Miga v. Jensen*, No. 02-11-00074-CV, 2012 WL 745329, at *2 (Tex. App.—Fort Worth Mar. 8, 2012, no pet.) (mem. op.) ("Ten days later, Jensen filed with the trial court an application for a temporary restraining order, injunction, and expedited discovery.").

To the extent that relator argues that the trial court abused its discretion in ordering production within two days, we note that the trial court has discretion to schedule discovery and may shorten or lengthen the time for making a response for good cause. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 943 (Tex. 1998) (orig. proceeding); *In re Exmark Mfg. Co., Inc.*, 299 S.W.3d 519, 532–33 (Tex. App.—Corpus Christi 2009, orig. proceeding); *see, e.g.*, Tex. R. Civ. P. 190.5, 191.1. Moreover, relator's contention that it had only two days' notice that it was required to produce the documents is disingenuous insofar as it knew that discovery requests had been propounded when it received the pleading on August 6 and received the discovery requests themselves on August 10. Relator's original deadline to respond thus elapsed on August 20, five days before the order at issue in this original proceeding and seven days before the deadline for

discovery. Accordingly, we reject relator's characterization of the time available for response as a basis for mandamus relief.

## VI. OVERBROAD DISCOVERY

Relator contends the compelled production is facially overbroad. Relator contends that "the requests are not limited in time or subject matter relevant to the case." In response, real parties argue that "the record does not contain any of the discovery objections [relator] now urges."

The text of the requests for production show that they are limited in date and apply to documents created "since March 2012" and are limited in subject matter to "documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 . . . including all drafts," and "documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement." These discovery requests are limited in both time and scope.[3] Moreover, given that the record fails to indicate that relator made these objections to the trial court, we do not consider these objections as a basis for determining that the trial court abused its discretion in ordering the discovery. *See In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998) (orig.

---

[3] Generally, the scope of discovery is within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (per curiam); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). The scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). However, a party's discovery requests must show a reasonable expectation of obtaining information that will aid in the resolution of the dispute. *In re CSX Corp.*, 124 S.W.3d at 152. Therefore, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Accordingly, discovery requests must not be overbroad. *See, e.g., In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 669–70 (Tex. 2007) (per curiam); *In re CSX Corp.*, 124 S.W.3d at 153. "A specific request for discovery reasonably tailored to include only matters relevant to the case is not overbroad merely because the request may call for some information of doubtful relevance." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam).

proceeding) (stating that reviewing courts focus on the record that was before the trial court in determining whether or not the trial court has abused its discretion); *see also In re CI Host, Inc.*, 92 S.W.3d 514, 516 (Tex. 2002) (orig. proceeding) (discussing the necessity of a timely objection); *Bielamowicz v. Cedar Hill I.S.D.*, 136 S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied) (same).

## VII. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, under the applicable standard of review, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, we LIFT the stay that was previously imposed in this case and we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
JUSTICE

Delivered and filed the
3rd day of November, 2015.