**Conditionally granted and Opinion Filed February 16, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00135-CV

### IN RE ELEVACITY, LLC AND ROBERT OBLON, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-00472-2018**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Schenck
Opinion by Justice Lang

In this original proceeding, relators seek relief from an ex parte temporary restraining order issued on February 1, 2018. We stayed the temporary restraining order and all underlying proceedings on February 8, 2018 and requested a response to the petition for writ of mandamus. Real party in interest Pruvit Ventures, Inc. ("Pruvit") filed a response. Because we conclude the temporary restraining order is void, we conditionally grant the writ.

## Background

The underlying case is between competing direct sales companies that market and sell nutraceutical products through their respective networks of independent distributors. In its first amended petition, Pruvit described itself as "a worldwide leader in ketone technology and a pioneer in selling ketone products." Relator Elevacity, LLC is a competing multi-level marketing company. Pruvit filed the underlying lawsuit against Elevacity and its founder, Robert Oblon, on January 31, 2018 and amended its petition on February 1, 2018. Pruvit alleged that Elevacity had

recently begun actively marketing and selling a keto-coffee creamer product that directly competes with Pruvit's keto products. Pruvit also alleged that Elevacity is cross-recruiting Pruvit's promoters/sellers and "on information and belief" is misappropriating Pruvit's trade secrets and confidential and proprietary information. In support, Pruvit attached the declaration of one of its promoters who was purportedly contacted to join Elevacity.

On February 1, 2018, Pruvit obtained an ex parte temporary restraining order prohibiting relators from taking certain actions with regard to Pruvit's unidentified proprietary information, trade secrets, and confidential information. The temporary restraining also order prohibits relators from soliciting unidentified "existing promoters" of Pruvit and from "inducing" violations of unspecified "Agreements" between Pruvit and those promoters. The order further requires relators to turn over all of their "electronic devices" to Pruvit for inspection.

**Standard of Review**

Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it issues a void order. *Decker v. Lindsay*, 824 S.W.2d 247, 249 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("Mandamus relief may be afforded where the trial court's order is void."). Because temporary restraining orders are not appealable, there is no remedy by appeal. *In re Office of Attorney Gen.*, 257 S.W.3d 695, 697–98 (Tex. 2008) (citing *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002); *In re Newton*, 146 S.W.3d 648, 652–53 (Tex. 2004)).

**Mootness**

In its response brief, Pruvit argued that the temporary restraining order would expire on its own terms on February 15, 2018 and leave this Court with no choice but deny the petition as moot. That is incorrect. This Court stayed the temporary restraining order and all trial court proceedings on February 8, 2018, which was seven days after the order was issued. As a result, the temporary restraining order's expiration date is also stayed, and this Court may consider the merits of the petition for writ of mandamus. *See In re Office of Attorney Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (staying temporary restraining order before its expiration date but conditionally granting mandamus relief and directing trial court to vacate the temporary restraining order four months after staying the order and, thus, months after original expiration date); *see also In re MetroPCS Commc'ns, Inc.*, 391 S.W.3d 329, 341 (Tex. App.—Dallas 2013, orig. proceeding) (conditionally granting writ and vacating temporary restraining order and vacating setting for temporary injunction hearing in opinion issued five weeks after original expiration date of temporary restraining order).

**Discussion**

Texas Rules of Civil Procedure 680 and 684 require a trial court issuing a temporary restraining order to: (1) state why the order was granted without notice if it is granted ex parte; (2) state the reasons for the issuance of the order by defining the injury and describing why it is irreparable; (3) state the date the order expires and set a hearing on a temporary injunction; and (4) set a bond. TEX. R. CIV. P. 680, 684. Rule 683 requires "every order granting an injunction and every restraining order" to state the reasons for its issuance and to be specific in its terms. TEX. R. CIV. P. 683. Rule 683 also requires a restraining order to "describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." *Id.* Orders that fail to fulfill these requirements are void. *In re Office of Attorney Gen.*, 257 S.W.3d at 697–

98 (citing *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956)); *see El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747 (Tex. App.—Dallas 2011, no pet.) (injunction order void for failure to satisfy specificity requirement of Rule 683). The temporary restraining order issued by the trial court is void because it violates those rules.

First, the temporary restraining order is void because it does not include an explanation of why it was issued without notice to relators. *See In re Office of Attorney Gen.*, 257 S.W.3d at 697–98 (mandamus granted because temporary restraining order was void due to failure to explain why the order was granted without notice and did not define the injury designed to prevent or explain why such injury would be irreparable).

Second, the temporary restraining order is void because it does not define the injury it is designed to prevent, does not explain why such injury would be irreparable, and is not specific in its terms. The order refers generally to Pruvit's "injuries" and states without explanation that the injury is "irreparable." Those statements are insufficient to meet the requirements of Rules 680 and 683 and render the order void. *See In re Office of the Attorney Gen.*, 257 S.W.3d at 697–98 (temporary restraining order void for failing to define the injury designed to prevent or explain why such injury would be irreparable as required by Rule 680); *see also El Tacaso, Inc.*, 356 S.W.3d at 747 (conclusory statement in injunction order that party will suffer an irreparable injury for which it has no other adequate legal remedy does not satisfy specificity requirement of Rule 683); *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (merely stating that a party "will suffer irreparable harm" or "has no adequate remedy at law" does not meet the rule 683 requirement of specificity).

Finally, the order enjoins relators from taking certain actions related to Pruvit's "trade secrets, confidential and/or proprietary information," and Pruvit's existing promoters. However,

the order does not describe what constitutes a trade secret, confidential information, and/or proprietary information or who is an "existing promoter." The order, therefore, fails to comply with Rule 683's requirements of specific terms and reasonably detailed descriptions of the act or acts sought to be restrained. TEX. R. CIV. P. 683. The order also violates Rule 683 by referencing only Pruvit's pleadings as support for the order. *Id.* (order must describe the act or acts to be restrained in reasonable detail "and not by reference to the complaint or other document").

## Conclusion

Because we conclude relators have shown the trial court abused its discretion and they have no adequate remedy by appeal, we conditionally grant relators' petition for writ of mandamus. We direct the trial court to issue written rulings vacating the February 1, 2018 temporary restraining order, including the setting for the temporary injunction hearing, within five (5) days of the date of this opinion. We are confident that the trial court will comply, and the writ will issue only if the trial court fails to do so.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

180135F.P05

–5–