**Affirm in part; Reverse in part; Remand; Opinion Filed December 12, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00568-CV

**INSTITUTIONAL SECURITIES CORPORATION and ISC GROUP, INC., Appellants**

**V.**

**VERNON J. "COBY" HOOD III, Appellee**

On Appeal from the 160th District Court
Dallas County, Texas
Trial Court Cause No. DC-12-03279-H

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Institutional Securities Corporation and ISC Group, Inc. (ISC) appeal the partial denial of their motion for temporary injunction against Vernon J. "Coby" Hood III concerning electronic data Hood took from ISC. ISC brings one issue contending the trial court erred in permitting appellee to retain a portion of the data. We reverse the trial court's temporary injunction order in part and affirm in part, and we remand to the trial court for entry of a temporary injunction in accordance with this opinion.

# BACKGROUND

ISC is a broker/dealer[1] providing investment services and investment advice. In 2001, ISC hired appellee to service certain of ISC's existing clients. In this role, appellee was an employee of ISC with the title of vice president, and he received a salary and benefits. Appellee also operated as an independent contractor in the role of registered representative of ISC. As a registered representative, appellee worked to bring in new clients for ISC and was paid commissions.

As vice president, appellee had access to all of ISC's computer information concerning its clients. Appellee regularly downloaded that information onto his personal external hard drives. The information included clients' names, addresses, social security numbers, account numbers and balances, and investment preferences.

In late 2011, ISC terminated appellee and escorted him from the building. After his termination, appellee asked Tarynn Ecton, a former ISC employee who worked in the same building as ISC, to retrieve his hard drive for him because it contained personal files, including music and photographs. Ecton asked appellee's supervisor, Scott Hayes, for permission to retrieve the hard drive. Hayes agreed but insisted on examining it first. Hayes removed all the company files from the drive and returned it to appellee. However, appellee had copies of ISC's computer files on another external hard drive and two flash drives.

After his termination from ISC, appellee went to work for another broker/dealer, Insperity Financial. Appellee sent 800 letters to ISC clients asking them to consider moving their accounts to Insperity. Most of these letters went to clients appellee had brought to ISC, but some of the letters went to clients brought to ISC by other registered representatives.

---

[1] Institutional Securities Corporation is the broker/dealer. ISC Group, Inc. is a holding corporation that wholly owns Institutional Securities Corporation.

In March 2012, ISC sued appellee for misappropriation of trade secrets, violation of the Texas Theft Liability Act,[2] violations of computer security,[3] breach of contract, and unjust enrichment. ISC sought damages, attorney's fees, and injunctive relief. The trial court entered a temporary restraining order prohibiting appellee from using the materials he copied from ISC's computer system.

The trial court held a hearing on whether to enter a temporary injunction. Witnesses testified that when a registered representative changes broker/dealers, such as appellee changing from ISC to Insperity, the registered representative's clients remain with the original broker/dealer. The registered representative may contact the clients he brought to the first broker/dealer and ask the client to move to the registered representative's new broker/dealer. To change broker/dealers, the client fills out a form. The registered representative does not need the client's social security number, account balance or number, or investment preferences for the client to change broker/dealers.

Appellee testified that when he left ISC, he spent many hours going through the downloaded information and trying to separate his clients' data from the data of other ISC clients. When appellee sent the 800 letters to ISC clients asking them to change broker/dealers, he believed he was sending them only to his clients. However, he later learned that some of the letters went to clients of some of ISC's other registered representatives. Appellee agreed that certain files and directories on the drives contained ISC's proprietary information for which ISC was entitled to protection.

During the temporary injunction hearing, each side presented as an exhibit the list of

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001–.005 (West 2011).

[3] *See* TEX. PENAL CODE ANN. § 33.02 (West Supp. 2012).

directories removed from appellee's hard drive, highlighting the materials believed to be ISC's proprietary information that should be subject to protection. The court determined that the materials highlighted on appellee's exhibit should be protected. The court found that appellee's use of these materials "will expose [ISC] to professional liability claims and regulatory sanctions, loss of good will, business disruption, and loss of office stability. The damage and potential damage from the exposure to these losses is not subject to mathematical calculation." The court ordered appellee to destroy or return to ISC all the materials highlighted on appellee's exhibit. The court also ordered that if appellee does not destroy or return the materials, then appellee must preserve the electronic storage devices and may access only the materials not highlighted on his exhibit.

ISC appeals the denial of a temporary injunction on the materials ISC wanted protected that were not protected by the temporary injunction.

## STANDARD OF REVIEW

In its sole issue, ISC contends the trial court erred by permitting appellee to retain a portion of the data he downloaded from ISC's computers without ISC's consent. The decision to grant or deny a temporary injunction lies within the trial court's sound discretion; that discretion can be reversed on appeal only if we are convinced that it represents a clear abuse of discretion. *Amend v. Watson*, 333 S.W.3d 625, 627 (Tex. App.—Dallas 2009, no pet.). When we review a trial court's order on an application for temporary injunction, we cannot substitute our judgment for that of the trial court even if we would have reached a different conclusion. *Id.* Instead, we review the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order is so arbitrary that it exceeds the bounds of reasonable discretion. *Id.* A trial court does not abuse its discretion by denying an application for temporary injunction if the applicant failed to prove one of the requirements for a temporary injunction. *Id.*

–4–

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). *Id.* A temporary injunction is an extraordinary remedy and does not issue as a matter of right. An applicant for temporary injunction must plead and prove (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Id.* An injury is irreparable if the injured party cannot be compensated adequately in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* To demonstrate probable injury or harm, an applicant must show an injury for which there can be no real legal measure of damages or none that can be determined with a sufficient degree of certainty. *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 903, 925–26 (Tex. App.—Dallas 2006, no pet.). At a temporary injunction hearing, the trial court considers whether the applicant has shown a probability of success and irreparable injury. *Id.* at 922.

## ANALYSIS

In this case, the trial court granted the temporary injunction to the extent appellee agreed the computer data was ISC's proprietary information entitled to protection. The issue is whether ISC established that the trial court abused its discretion in not entering a temporary injunction as to the remainder of the data ISC claimed to be proprietary.

ISC pleaded that appellee violated section 33.02(a) of the Texas Penal Code by knowingly accessing ISC's computers and computer system without ISC's effective consent. *See* TEX. PENAL CODE ANN. § 33.02(a) (West Supp. 2012). Section 143.001 of the Texas Civil Practice and Remedies Code creates a cause of action for a person who is injured or whose property is injured by an intentional or knowing violation of chapter 33 of the Texas Penal Code. TEX. CIV. PRAC. & REM. CODE ANN. § 143.001 (West 2011). A prevailing plaintiff under section 143.001 is entitled to actual

-5-

damages and reasonable attorney's fees. *Id.* § 143.002. Section 33.002 of the Texas Penal Code states, "A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." PENAL § 33.02(a). A person acts without effective consent if the consent was "used for a purpose other than that for which the consent was given." *Id.* § 33.01(12)(E).

ISC presented evidence that appellee was permitted access to ISC's computer system in his role as a vice president of ISC. ISC also presented evidence that its registered agents, who were independent contractors and not employees, were not permitted access to the computer system. The evidence before the trial court showed appellee knowingly accessed ISC's computer system and downloaded its files to maintain a list of his customers for his business as a registered representative. The download of data from the computer system without ISC's consent could constitute a violation of section 33.02(a) of the Penal Code. We conclude ISC established a cause of action against appellee under section 143.001 of the Civil Practice and Remedies Code and a probable right to the relief sought.[4]

We next consider whether ISC established a probable, imminent, and irreparable injury from the trial court's failure to enjoin appellee from using the computer files. The testimony showed ISC was required by the Financial Industry Regulatory Authority (FINRA) to keep adequate records of the identity of its clients and their transactions and to safeguard that information from inappropriate use. Hayes testified that ISC's violation of FINRA regulations could result in FINRA taking action from a cautionary letter to the shutting down of ISC and the barring if its employees from the industry.

---

[4] Having found ISC established a cause of action and probable right to relief for violations of computer security, we do not address whether ISC established any of its other causes of action or a probable right to relief under them. *See Marketshare Telecom,* 198 S.W.3d at 922 ("The party seeking an injunction must have at least one valid legal theory to support a probable right to recover.")

Most of the data listed on ISC's exhibit that was not included in the temporary injunction was client lists and client data.[5] Hayes testified that a registered representative who changes broker/dealers is permitted to contact the clients he brought to the first broker/dealer and ask them if they want to move with him to the new broker/dealer. Therefore, as a registered representative, appellee was allowed to maintain a list of the names and addresses of the clients he brought to ISC, and his retention and use of this information to contact those clients did not constitute a risk of a probable, imminent, and irreparable injury. However, the data appellee downloaded that was not subject to the injunction also contained more sensitive information, including the clients' social security numbers and account balances, which Hayes testified was not necessary for appellee to contact his clients and ask them to complete the form to change broker/dealers. Hayes testified that this information was proprietary to the broker-dealer, and that FINRA required ISC to keep and protect the information. Appellee did not present any evidence that this information was necessary for him to contact the clients and request them to fill out a form to change broker/dealers. Nor did appellee present evidence that ISC was not required to protect the information from disclosure. As Hayes testified, violation of FINRA's regulation could result in punitive measures against it, which the trial court found was an irreparable injury.

We conclude the trial court's injunction should have extended to all information of clients that were not brought to ISC by appellee as ISC's registered representative and should have extended to the social security numbers and account information of all clients who were brought to ISC by appellee as a registered representative. We sustain ISC's sole issue to the extent it requested protection of that information.

_____

[5] Two items on ISC's exhibit not included in the injunction are "Rollovers" and "VisionExport." The record contains no explanation of what these materials consist.

## CONCLUSION

We reverse the temporary injunction to the extent it does not protect all data pertaining to clients who were not brought to ISC by appellee as a registered representative and to the extent it does not protect the social security numbers and account information of clients who were brought to ISC by appellee as a registered representative. In all other respects, we affirm the temporary injunction. We remand to the trial court for entry of a temporary injunction in accordance with this opinion.

_____

LANA MYERS
JUSTICE

120568F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

INSTITUTIONAL SECURITIES CORPORATION AND ISC GROUP, INC., Appellants

No. 05-12-00568-CV V.

VERNON J. "COBY" HOOD III, Appellee

Appeal from the 160th District Court of Dallas County, Texas. (Tr.Ct.No. Cause No. DC-12-03279-H).
Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

In accordance with this Court's opinion of this date, we **REVERSE** the temporary injunction order to the extent it does not protect all data pertaining to clients who were not brought to ISC by appellee as a registered representative of appellant Institutional Securities Corporation and to the extent it does not protect the social security numbers and account information of clients who were brought to ISC by appellee as a registered representative of appellant Institutional Securities Corporation. In all other respects, we **AFFIRM** the temporary injunction. We **REMAND** to the trial court for entry of a temporary injunction in accordance with this opinion. It is **ORDERED** that appellants Institutional Securities Corporation and ISC Group, Inc. recover their costs of this appeal from appellee Vernon J. "Coby" Hood III.

Judgment entered December 12, 2012.

_____
LANA MYERS
JUSTICE