# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00463-CV

---

**Texas Department of State Health Services and John Hellerstedt, in his Official Capacity as Commissioner of the Texas Department of State Health Services, Appellants**

**v.**

**Crown Distributing LLC; America Juice Co. LLC; Custom Botanical Dispensary, LLC; and 1937 Apothecary, LLC, Appellees**

---

**FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-20-004053, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Appellees Crown Distributing LLC; America Juice Co. LLC; Custom Botanical Dispensary, LLC; and 1937 Apothecary, LLC (collectively, the Hemp Companies) sued appellants Texas Department of State Health Services and John Hellerstedt, in his official capacity as Commissioner (collectively, the Department), challenging certain statutes and a Department rule relating to consumable hemp products for smoking. The Hemp Companies applied for a temporary injunction; the trial court granted the injunction in part, enjoining the Department from enforcing rule 300.104, *see* 25 Tex. Admin. Code § 300.104 (2021) (Dep't of State Health Servs., Manufacture, Processing, Distribution, and Retail Sale of Hemp Products for Smoking); and the Department now appeals from the temporary injunction order. For the following reasons, we affirm in part and reverse and remand in part.

## BACKGROUND

In 2019, the Legislature enacted chapter 443 of the Texas Health and Safety Code and other related statutory provisions regulating certain hemp products. *See generally* Tex. Health & Safety Code §§ 443.001–.207 ("Manufacture, Distribution, and Sale of Consumable Hemp Products"); *see also* Tex. Agric. Code § 122.301(b) ("A state agency may not authorize a person to manufacture a product containing hemp for smoking, as defined by Section 443.001, Health and Safety Code."). Chapter 443 requires that "[t]he executive commissioner shall adopt rules and procedures necessary to administer and enforce this chapter" and that "[r]ules adopted by the executive commissioner regulating the sale of consumable hemp products must to the extent allowable by federal law reflect the following principles," including that "the processing or manufacturing of a consumable hemp product for smoking is prohibited." Tex. Health & Safety Code §§ 443.051, .204(4). In 2020, the Department adopted rule 300.104: "The manufacture, processing, distribution, or retail sale of consumable hemp products for smoking is prohibited." 25 Tex. Admin. Code § 300.104.

The Hemp Companies then filed suit against the Department raising two claims for declaratory relief and requesting injunctive relief, described in their petition as follows:

1. This lawsuit seeks a declaration that the Legislative Ban contained in Texas Agriculture Code § 122.301(b) and Texas Health & Safety Code § 443.204(4), which bans the processing and manufacture of hemp products for smoking in Texas, is unconstitutional.

2. This lawsuit further seeks a declaration that the administrative rule enacted by the Texas Department of State Health Services, which bans the distribution and retail sale of hemp products for smoking, is invalid pursuant to Texas Government Code § 2001.038.

3. This lawsuit seeks to enjoin Defendants from enforcing two statewide bans on the manufacturing, processing, distribution, and retail sale of smokable hemp products.

The Hemp Companies claimed that the "Legislative Ban" violates their constitutional right to due course of law, *see* Tex. Const. art. I, § 19, and that the enactment of rule 300.104's ban on distribution and retail sale exceeds the scope of the Department's authority because "[t]he Legislature expressed no intent to ban the retail sale or distribution of smokable hemp product" and "[t]he express mention of 'manufacture' and 'processing' [in section 443.204(4)] evidences an affirmative intent to permit other activities," *see* Tex. Gov't Code § 2001.038 (providing for rule validity challenge). As to the injunctive relief, the Hemp Companies' petition requested that the trial court "enjoin[] [the Department] from enforcing the Legislative Ban (Tex. Health & Safety Code § 443.204(4), and Tex. Agric. Code § 122.301(b)) and the Rule (25 Tex. Admin. Code § 300.104), assessing any fines from violation of the Rule, or otherwise penalizing any entity in any way from violating the Rule."

After an evidentiary hearing on the application for a temporary injunction, the trial court notified the parties of its decision to grant the temporary injunction in part and requested a proposed order. The parties could not agree on the wording of the order, and both parties sent email correspondence with different proposed orders to the judge, which were filed with the trial court. The Department asserted that the Hemp Companies "are not challenging the Rule with respect to 'manufacture' and 'processing'"; that they "challenged the Rule only with respect to 'distribution' and 'retail sale'"; and that their "proposed order therefore does not match the relief requested or the relief available." The Hemp Companies responded that "[t]he basis for enjoining enforcement of the Rule until final disposition on the merits is based on [the Hemp Companies'] Substantive Due Course of Law claim" and that "[i]f the Legislative Ban is unconstitutional, a declaration that 25 Texas Administrative Code § 300.104 is invalid immediately follows." The next day, the trial court signed a temporary injunction order that

3

"GRANTS-IN-PART and DENIES-IN-PART [the Hemp Companies'] Application" and that enjoined the Department "from enforcing 25 Tex. Admin. Code § 300.104 ('the Rule'), assessing any fines from violation of the Rule, or otherwise penalizing any entity in any way from violating the Rule." The order notes that the Department stipulated that the Hemp Companies would suffer irreparable harm and challenged only the Hemp Companies' probable right to relief, which the trial court found the Hemp Companies to have demonstrated. The Department now appeals from the temporary injunction order.[1]

## DISCUSSION

The Department raises two issues on appeal. First, the Department challenges the temporary injunction's scope, arguing that the trial court abused its discretion in enjoining the enforcement of rule 300.104 in its entirety because the Hemp Companies' petition never stated a ground for enjoining the enforcement of rule 300.104's bans on manufacturing and processing. Second, the Department argues that the trial court abused its discretion in enjoining the enforcement of rule 300.104's bans on distribution and retail sale because those bans are "a valid exercise" of the Department's "broad rulemaking authority over the sale of consumable hemp products and consistent with the statutory limitations on that authority."

To be entitled to a temporary injunction, the applicant "must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable imminent, and irreparable injury in the interim." *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020)

---

[1] The Hemp Companies have not appealed the trial court's denial of their request that the trial court "enjoin[] [the Department] from enforcing the Legislative Ban (Tex. Health & Safety Code § 443.204(4), and Tex. Agric. Code § 122.301(b))."

4

(quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). We review a trial court's decision to grant a temporary injunction for abuse of discretion. *Id.* A trial court does not abuse its discretion as to evidentiary matters if some evidence reasonably supports the ruling, but the trial court has no discretion to incorrectly analyze or apply the law. *Id.*

**Scope of the Temporary Injunction**

In its first issue, the Department argues that the Hemp Companies never provided a "plain and intelligible statement of the grounds for such relief" to enjoin the enforcement of rule 300.104's ban on manufacturing and processing consumable hemp products for smoking. *See* Tex. R. Civ. P. 682 ("No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."). According to the Department, the Hemp Companies challenged rule 300.104's validity by focusing only on the distribution and retail sale bans as exceeding statutory authorization, but never connected their constitutional challenge to the "Legislative Ban" as a ground for rule 300.104's invalidity in its entirety.

The Hemp Companies noted in their email to the trial court after the hearing on the temporary injunction that "[i]f the Legislative Ban is unconstitutional, a declaration that [rule 300.104] is invalid immediately follows." The "Legislative Ban" states, "Rules adopted by the executive commissioner regulating the sale of consumable hemp products must to the extent allowable by federal law reflect the following principles: . . . (4) the processing or manufacturing of a consumable hemp product for smoking is prohibited." Tex. Health & Safety Code § 443.204(4). And rule 300.104 states, "The manufacture, processing, distribution, or retail sale of consumable hemp products for smoking is prohibited." 25 Tex. Admin. Code § 300.104.

5

But even if the Hemp Companies are correct that a declaration that rule 300.104 is invalid inevitably follows from a declaration that section 443.204(4) is unconstitutional, the Hemp Companies would still have to plead and request a declaration of rule invalidity based upon that ground. Here, however, the Hemp Companies' petition never challenged the validity of rule 300.104 in its entirety based on their constitutional challenge to the "Legislative Ban." And the Hemp Companies' validity challenge to rule 300.104 was limited to the ground that the Department allegedly exceeded its statutory authority by going beyond "[t]he express mention of 'manufacture' and 'processing'" to ban distribution and retail sale. The petition clearly delineates the constitutional challenge to the "Legislative Ban" and the challenge to rule 300.104's validity, stating, for example: "It is probable Plaintiffs will prevail after a trial on the merits because, for the reasons stated above, the statute banning the processing and manufacturing of smokable hemp products is unconstitutional under *Patel* and the Rule adding the ban of distribution and retail sale of smokable hemp products is invalid."[2] The Hemp

---

**2** In their email correspondence to the trial court following the hearing, the Hemp Companies stated: "Plaintiffs brought two distinct challenges. First, Plaintiffs challenge the Rule on grounds that the legislation authorizing the Rule is unconstitutional. Second, Plaintiffs challenge the Rule on grounds that it exceeds authority because of the addition of 'distribution' and 'retail.'" However, the Hemp Companies' petition challenges only the "Legislative Ban," not the rule, on constitutional grounds and does not "challenge *the Rule* on grounds that the legislation authorizing the Rule is unconstitutional." (Emphasis added.) "Our rules require pleadings to provide not just fair notice of factual allegations, but a 'short statement of the *cause of action* sufficient to give fair notice of the *claim* involved." *Montelongo v. Abrea*, 622 S.W.3d 290, 300 (Tex. 2021) (quoting Tex. R. Civ. P. 47(a)); *see id.* at 301 ("And to assert a cause of action, the pleading must be sufficient to enable a court to determine, with reasonable certainty, not just the facts, but 'the elements of [the] cause of action and the relief sought with sufficient information upon which to base a judgment.'" (quoting *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)). Even when construing the petition liberally, *see Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (noting that in absence of special exception, petition should be construed liberally in favor of pleader and that court should "uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged"), the Hemp Companies did not provide

Companies argue that they requested both a declaration of the invalidity of the entire rule and the enjoinment of enforcement of rule 300.104 in its entirety, not just a portion of it.[3] But these requests concern the scope of the requested relief, not "the grounds for such relief."

"A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Abbott*, 610 S.W.3d at 916 (quoting *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)). Because the Hemp Companies never provided "a plain and intelligible statement of the grounds" to enjoin the enforcement of rule 300.104's bans on manufacturing and processing consumable hemp products for smoking, we conclude that the trial court abused its discretion in granting the temporary injunction and enjoining the enforcement of that portion of the rule. *See* Tex. R. Civ. P. 682; *In re MetroPCS Commc'ns, Inc.*, 391 S.W.3d 329, 337 (Tex. App.—Dallas 2013, orig. proceeding) (concluding petition did not contain "a plain and intelligible statement of the grounds" when it did not address or mention certain provisions applicant sough to restrain); *Donaho v. Bennett*, No. 01-08-00492-CV, 2008 WL 4965143, at *6 (Tex. App.—Houston [1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) (concluding trial court abused discretion in granting injunctive relief when pleadings and evidence did not address software specifically enumerated in injunction). We sustain the Department's first issue.

---

fair notice of a cause of action challenging "the Rule on grounds that the legislation authorizing the Rule is unconstitutional."

[3] The Hemp Companies' petition seeks "a declaration that the administrative rule enacted by the Texas Department of State Health Services, which bans the distribution and retail sale of hemp products for smoking, is invalid"; states that "[t]he Rule is invalid on its face"; and requests in the prayer "a declaration that 25 Texas Administrative Code § 300.104 is invalid." And at the hearing on the application for temporary injunction, the Hemp Companies stated: "And the relief we're requesting is to have this provision of the law – the very specific legislative ban declared unconstitutional and unenforceable. As far as the rule – the entire rule, but have the rule also declared unenforceable, not the entire act."

**Probable Right to Relief**

As a state administrative agency, the Department has only those powers that the Legislature has expressly conferred upon it and those implied powers that are reasonably necessary to carry out its statutory duties. *See Texas Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 616 S.W.3d 558, 569 (Tex. 2021). Moreover, its rules must be authorized by and consistent with its statutory authority, although the rules are generally presumed to be valid. *Id.* To overcome this presumption, a challenging party must show that the rule's provisions are not in harmony with the relevant act's general objectives, as discerned from the statute's plain text. *Id.* To meet this burden, the challenging party can show that the challenged rule: "(1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *Id.* (quoting *Texas State Bd. of Exam'rs of Marriage & Fam. Therapists v. Texas Med. Ass'n*, 511 S.W.3d 28, 33 (Tex. 2017)).

The Department argues that the Hemp Companies did not meet their burden to demonstrate a probable right to relief that rule 300.104's bans on distribution and retail sale are invalid because those bans "do not impose any additional burdens, conditions, or restrictions" and "are a valid exercise of [the Department's] broad rulemaking authority over the sale of consumable hemp products and consistent with the statutory limitations on that authority." The Hemp Companies respond that rule 300.104 "imposes additional restrictions—prohibitions on retail sale and distribution—in excess of and inconsistent with § 443.204(4)."

The question of whether a rule imposes additional burdens, conditions, or restrictions in excess of or inconsistent with relevant statutory provisions "is a question of law determined through statutory construction." *Harlingen Fam. Dentistry, P.C. v. Texas Health*

8

*& Hum. Servs. Comm'n*, 452 S.W.3d 479, 486 (Tex. App.—Austin 2014, pet. dism'd). "[W]e construe statutes by first looking to the statutory language for the Legislature's intent, and only if we cannot discern legislative intent in the language of the statute itself do we resort to canons of construction or other aids such as which statute is more specific." *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 639 (Tex. 2010). "The primary goal when interpreting a statute is to effectuate 'the Legislature's intent as expressed by the plain and common meaning of the statute's words.'" *Hebner v. Reddy*, 498 S.W.3d 37, 41 (Tex. 2016) (quoting *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007)).

The Department asserts that rule 300.104's bans on distribution and retail sale are not additional restrictions in excess of the relevant statutory provisions because chapter 443 "implicitly prohibits the distribution and retail sale of consumable hemp products for smoking" and because section 443.204(4), "when read in context with other statutes, *requires* [the Department] to prohibit the distribution and retail sale (as well as the manufacture and processing) of consumable hemp products for smoking." Thus, according to the Department, rule 300.104's prohibitions on distribution and retail sale "do not impose any additional burdens, conditions, or restrictions" than those already imposed by the relevant statutory provisions. We quote the Department's argument in full:

> Section 443.204(4) states that "the processing or manufacturing of a consumable hemp product for smoking is prohibited." Tex. Health & Safety Code § 443.204(4). And Chapter 443 defines "manufacture" to mean "the process of combining or purifying food or packaging food *for sale to a person at wholesale or retail*." *Id.* § 431.002(23)(A) (emphasis added); *see also id.* § 443.001(8) (giving "manufacture" "the meaning assigned by Section 431.002"). Further, Chapter 443 allows a person to "possess, transport, sell, or purchase a consumable hemp product" only to the extent it is "processed or manufactured *in compliance with this chapter*." *Id.* § 443.201(a) (emphasis added). Because Chapter 443 expressly prohibits the manufacture of consumable hemp products for smoking

9

for retail sale, and since only consumable hemp products processed or manufactured in compliance with Chapter 443 may be transported or sold, it implicitly prohibits the distribution and retail sale of consumable hemp for smoking.

The Department appears to rely on sections 431.002(23)(A) and 443.201(a) to conclude that the statutory scheme imposes an implied ban on the retail sale and distribution of consumable hemp products for smoking. However, the Department's argument, as we understand it, goes beyond the plain meaning of the Legislature's enacted text. *See KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019) ("When interpreting statutes, we look to the plain meaning of the enacted text. 'We must enforce the statute as written and refrain from rewriting text that lawmakers chose.'" (quoting *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (plurality op.))).

First, section 431.002's definition of "Manufacture" to include "packaging food for sale to a person at wholesale or retail" does not mean that a prohibition on manufacturing such food would also include a prohibition on selling such food. *See* Tex. Health & Safety Code §§ 431.002(23)(A) ("'Manufacture' means: (A) the process of combining or purifying food or packaging food for sale to a person at wholesale or retail, and includes repackaging, labeling, or relabeling of any food[.]"), 443.001(8) ("'Manufacture' has the meaning assigned by Section 431.002.").[4] The phrase "for sale to a person at wholesale or retail" modifies "food" that is being

---

[4] We assume without deciding that the Department correctly classifies consumable hemp products for smoking as "food." *See* Tex. Health & Safety Code §§ 443.001(1) ("'Consumable hemp product' means food, a drug, a device, or a cosmetic, as those terms are defined by Section 431.002, that contains hemp or one or more hemp-derived cannabinoids[.]"), .204(2) ("Rules adopted by the executive commissioner regulating the sale of consumable hemp products must to the extent allowable by federal law reflect the following principles: . . . (2) products containing one or more hemp-derived cannabinoids, such as cannabidiol, intended for ingestion are considered foods, not controlled substances or adulterated products[.]"). The definitions of

packaged to distinguish it from food that is being packaged for some other purpose than "for sale to a person at wholesale or retail"; the statutory definition is not defining "Manufacture" to also include selling food to a person at wholesale or retail. Moreover, the Legislature expressly dictated additional actions that "Manufacture" also includes—"'Manufacture' . . . includes repackaging, labeling, or relabeling of any food"—but did not include "selling" in this list. *See id.* § 431.002(23)(A). Additionally, the Legislature knows how to dictate that provisions regarding one action should be considered to include other actions. For example, in chapter 431—the same chapter that includes the definition of "Manufacture" at issue here—the Legislature dictated that provisions regarding the selling of food shall be considered to include the manufacture of food. *See id.* § 431.005 ("The provisions of this chapter regarding the selling of food, drugs, devices, or cosmetics, shall be considered to include the manufacture, production, processing, packaging, exposure, offer, possession, and holding of any such article for sale; and the sale, dispensing, and giving of any such article, and the supplying or applying of any such articles in the conduct of any food, drug, or cosmetic establishment"); *see also id.* § 431.011(a) ("This chapter applies to a consumable hemp product subject to Chapter 443."). But the Legislature did not include a corresponding section providing that provisions regarding the manufacturing of food shall be considered to include the distributing or selling of food in chapter 431 or chapter 443. Instead, in chapter 443, the Legislature expressly distinguished manufacturing and selling by creating different permitting schemes for manufacturers and retail sellers of consumable hemp products. *Compare id.* §§ 443.101–.105 (requiring licenses for manufacturers of consumable hemp products), *with id.* §§ 443.201–.207 (requiring retail sellers

---

"Manufacture" for drugs, devices, and cosmetics do not include similar language of "for sale to a person at wholesale or retail." *See id.* § 431.002(23)(B) (defining "Manufacture" of drug), (C) (defining "Manufacture" of device), (D) (defining "Manufacture" of cosmetic).

11

to meet registration requirements). Accordingly, we cannot conclude that the Legislature, through its definition of "Manufacture" in section 431.002, intended that a ban on manufacturing food would impliedly include a ban on selling food to a person.

Second, the Department argues that section 443.201(a) contains an implied prohibition against the sale of consumable hemp products not processed or manufactured in compliance with chapter 443.[5] Section 443.201(a) provides, "A person may possess, transport, sell, or purchase a consumable hemp product processed or manufactured in compliance with this chapter." Tex. Health & Safety Code § 443.201(a). In this context, the use of the word "may" grants permission. *See* Tex. Gov't Code § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). But the grant of a permission does not necessarily imply a prohibition of the actions under other circumstances not expressly permitted by the grant. *See Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368, 371 (Tex. 2001) ("Legislative permission to contract under certain circumstances does not necessarily imply that contracting under other circumstances is prohibited."). And the Legislature expressly prohibited the sale of certain consumable hemp products in other provisions, rather than relying on an implied prohibition from a general statement of permission. *See, e.g.*, Tex. Health & Safety Code §§ 443.152(a) ("A consumable hemp product that has a delta-9 tetrahydrocannabinol concentration of more than 0.3 percent may not be sold at retail or otherwise introduced into commerce in this state."), .202(b) ("Notwithstanding any other law, a person may not sell, offer for sale, possess, distribute, or transport a cannabinoid oil" if oil contains certain materials.); *see also* Tex. Gov't Code § 311.016(5) ("'May not' imposes a prohibition and is synonymous with 'shall not.'"). Absent

---

[5] In their briefing to the trial court, the Department argued: "A necessary implication [of section 443.201] is that a person may not sell or purchase a consumable hemp product that is not processed or manufactured in compliance with Chapter 443."

further indication of Legislative intent to prohibit the distribution and retail sale of consumable hemp products for smoking, we cannot conclude that section 443.201(a)'s express grant of permission to sell consumable hemp products processed and manufactured in compliance with chapter 443 implies a general prohibition on distributing or selling any other consumable hemp products, including consumable hemp products for smoking.[6]

The title of chapter 443 is "Manufacture, Distribution, and Sale of Consumable Hemp Products," and throughout the chapter the Legislature expressly addressed manufacturing, processing, distributing, and selling consumable hemp products. *See generally* Tex. Health & Safety Code §§ 443.001–.207. But when the Legislature specifically addressed consumable hemp products for smoking, it chose to limit the principle that it specified must be reflected in the Department's rules to "the processing or manufacturing of a consumable hemp product for smoking is prohibited" without specifying that distribution or retail sale is prohibited. *Id.* § 443.204(4); *see In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020) ("When interpreting statutes, we presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen."); *cf. ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 877 (Tex. 2018) (noting that when it is

---

[6] Moreover, to construe section 443.201(a)'s grant of permission as imposing a general prohibition on the sale of all consumable hemp products not "processed or manufactured in compliance with this chapter" would create a tension between sections 443.201(a) and 443.206. Section 443.206 permits the retail sale of certain consumable hemp products processed or manufactured outside of Texas even if the products were not processed or manufactured in compliance with chapter 443. *See* Tex. Health & Safety Code § 443.206 ("Retail sales of consumable hemp products processed or manufactured outside of this state may be made in this state when the products were processed or manufactured in another state or jurisdiction in compliance with: (1) that state or jurisdiction's plan approved by the United States Department of Agriculture under 7 U.S.C. Section 1639p; (2) a plan established under 7 U.S.C. Section 1639q if that plan applies to the state or jurisdiction; or (3) the laws of that state or jurisdiction if the products are tested in accordance with, or in a manner similar to, Section 443.151.").

fair to suppose Legislature considered unnamed possibility and meant to say no to it, "the interpretative canon of *expression unius est exclusion alterius*—the notion that the express mention of one thing excludes another" may apply depending on context); *Steering Comms. for Cities Served by TXU Elec. v. Public Util. Comm'n*, 42 S.W.3d 296, 302 (Tex. App.—Austin 2001, no pet.) ("[W]e presume that the purposeful inclusion of certain terms in a statute implies the purposeful exclusion of terms that are absent under the principle of statutory interpretation *inclusio unius est exclusio alterius*."). We therefore disagree with the Department that the Legislature's chosen statutory language in sections 431.002(23)(A), 443.201(a), and 443.204(4) "implicitly prohibits the distribution and retail sale of consumable hemp products for smoking."

The Department also argues—citing *Pruett v. Harris County Bail Bond Board*, 249 S.W.3d 447, 450–53 (Tex. 2008); *Public Utility Commission v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 403–08 (Tex. 1995); and *Texas Association of Psychological Associates v. Texas State Board of Examiners of Psychologists*, 439 S.W.3d 597, 600–04 (Tex. App.—Austin 2014, no pet.)—that it has "broad authority to regulate consumable hemp products under Section 443.051" and that "[w]hen broad authority is given, the agency is not limited to imposing requirements explicitly authorized by the statute." Nevertheless, the statutory authorization here is not as broad as in *Pruett*, *GTE-Southwest*, and *Texas Association of Psychological Associates*. Here, the statutory authorization expressly limits the Department to adopting rules to "administer and enforce *this chapter*." Tex. Health & Safety Code § 443.051 (emphasis added). In contrast, the *Pruett* Court noted that "section 1704.101(3) grants the Board broad authority to 'supervise and regulate each phase of the bonding business'"; that "[w]hen a statute expressly authorizes an agency to regulate an industry, it implies the authority to promulgate rules and regulations necessary to accomplish that purpose"; and that the statutory authority conferred by subsection

14

(3) is not "limited to existing statutory provisions within 'this chapter.'" 249 S.W.3d at 453 (quoting Tex. Occ. Code § 1704.101(3)). The *GTE-Southwest* Court noted that "the PUC 'has the general power to regulate and supervise the business of every public utility within its jurisdiction and to do all things, whether specifically designated in this Act or implied herein, necessary and convenient to the exercise of this power and jurisdiction.'" 901 S.W.2d at 406 (citing Tex. Rev. Civ. Stat. art. 1446c, § 16(a)). And the *Texas Association of Psychological Associates* Court explained that "[t]he Legislature vested the Board with the authority to 'adopt rules necessary to perform its duties and regulate its proceedings'" and to "'set standards for the issuance of licenses to psychological personnel who hold a master's degree.'" 439 S.W.3d at 604 (quoting Tex. Occ. Code §§ 501.151, .259). That Court then specifically noted, "As the Legislature expressed no statutory restrictions on the delegation of this authority, the Act vests the Board with the authority to exercise broad discretion in its licensing standards." *Id.* Because here the statutory rulemaking authorization to the Department was expressly limited to administering and enforcing chapter 443, we conclude that these cases are inapposite.

In sum, the Legislature required that the Department's rules must reflect the principle that "the processing or manufacturing of a consumable hemp product for smoking is prohibited," but did not mention distribution or retail sale, s*ee* Tex. Health & Safety Code § 443.204(4); section 443.204(4), when read in conjunction with sections 431.002(23)(A) and 443.201(a), does not implicitly ban the distribution or retail sale of consumable hemp products for smoking, *see id.* §§ 431.002(23)(A), 443.201(a), .204(4); and the Legislature expressly limited the Department's statutory rulemaking authority to administering and enforcing chapter 443, *see id.* § 443.051. Nevertheless, the Department adopted a rule that banned not only the processing and manufacturing of consumable hemp products for smoking, but also the

15

distributing and retail sale of such products. *See* 25 Tex. Admin. Code § 300.104. Accordingly, we conclude that rule 300.104 imposes additional burdens, conditions, or restrictions in excess of the relevant statutory provisions. The trial court therefore did not abuse its discretion in concluding that the Hemp Companies established a probable right to relief on their section 2001.038 claim. *See Hegar v. Ryan, LLC*, No. 03-13-00400-CV, 2015 WL 3393917, at *13 (Tex. App.—Austin May 20, 2015, no pet.) (mem. op.) (affirming trial court's judgment declaring rules invalid when rules imposed additional burdens, conditions, or restrictions in excess of or inconsistent with statutory scheme); *Harlingen Fam. Dentistry*, 452 S.W.3d at 486–88 (reversing trial court's judgment that rules are valid and rendering judgment that rules that imposed additional burdens, conditions, or restrictions in excess of or inconsistent with relevant statutory provisions are invalid). As that was the only element the Department challenged on appeal, we overrule the Department's second issue.

## CONCLUSION

For these reasons, we reverse that portion of the trial court's temporary injunction order insofar as it enjoins the enforcement of rule 300.104's bans on manufacturing and processing of consumable hemp products for smoking and enjoins assessing any fines or otherwise penalizing any entity or person in any way from violating those bans. We otherwise affirm the temporary injunction order. We remand to the trial court for entry of a temporary injunction in accordance with this opinion. *See RWI Constr., Inc. v. Comerica Bank*, 583 S.W.3d 269, 278 (Tex. App.—Dallas 2019, no pet.) (reversing temporary injunction in part, affirming in part, and "remand[ing] to the trial court for entry of a temporary injunction in accordance with this opinion"); *Institutional Sec. Corp. v. Hood*, 390 S.W.3d 680, 682 (Tex.

16

App.—Dallas 2012, no pet.) ("We reverse the trial court's temporary injunction order in part and affirm in part, and we remand to the trial court for entry of a temporary injunction in accordance with this opinion.").

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed:   August 5, 2021